**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

**CIVIL NO. 1:06CV215
(1:06MC1)**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JOSEPH MARION HEAD, JR. | ) | **ORDER** |
| | ) | **OF DISMISSAL** |
| | ) | |

**THIS MATTER** is before the Court on remand from the Fourth Circuit Court of Appeals vacating this Court's Order filed January 10, 2006, in Misc. No. 1:06MC1. ***See In re Joseph Marion Head, Jr.*, 2006 WL 889583 (4th Cir. 2006).**

The Court's January 10, 2006, Order dismissed the Petitioner's various paperwritings submitted the latter part of 2005 through the first part of January 2006 as frivolous and required the Clerk to return any future submissions unopened to the Petitioner. The Fourth Circuit found that injunction to be overly broad and advised that "a litigant should not be

denied all access to the courts."[1]  *Id*. **(citing *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 819 (4th Cir. 2004)).**

The Court first imposed less severe sanctions 10 years ago in the initial prefiling injunction.  However, that injunction proved to be of little, if any, deterrence to the Petitioner's daily barrage of proposed filings containing his lewd fantasies, outrageous claims for relief, and totally frivolous claims.  As a result, the undersigned imposed a more severe injunction as outlined in the attached Memorandum filed July 7, 2005, in Misc. No. 1:05MC204.  The Petitioner never appealed that ruling.  Undeterred by the more stringent injunction, the number of Petitioner's filings escalated and became more bizarre until the undersigned was finally forced to impose a total injunction against his filings.  It is this injunction which the Circuit vacated.  In accordance with the Circuit's opinion, the Court will reinstate the July 7, 2005, injunction.  **See, *In re Joseph Marion Head, Jr.,* Misc. No. 1:05MC204.**  That injunction, which is incorporated herein, is attached to this Order of Dismissal.

---

[1] The Court specifically noted in that injunction that Head was <u>not</u> denied all access because he is free to pursue relief in the district of his confinement.  It appears the appellate court overlooked that express consideration by this Court.

**IT IS, THEREFORE, ORDERED** that the numerous submissions of the Petitioner submitted since July 2005 and those submitted in the first nine days of 2006 be filed and dismissed as frivolous.

**IT IS FURTHER ORDERED** that the pre-filing review system implemented in this Court in 1994 shall be amended to provide that Joseph Marion Head, Jr., and anyone acting on his behalf, is hereby permanently **ENJOINED** within the United States District Court for the Western District of North Carolina from filing any motion, pleading, action or writing arising out of the facts, circumstance and claims of any of the litigation listed in the opinion attached hereto and filed as Misc. No. 1:05MC204. Any submissions, writings or pleadings sent by Head to the Clerk of Court or to the Chambers of the undersigned or any other judicial officer of this District will not be reviewed or in any other manner acted upon.

**IT IS FURTHER ORDERED** that the Clerk of Court may file any notice of appeal submitted by Head from this decision.

**IT IS FURTHER ORDERED** that in the event the United States Court of Appeals for the Fourth Circuit issues a mandate allowing Head to file a second or successive motion pursuant to 28 U.S.C. § 2255, this injunction shall be lifted to that limited extent.

The Clerk of Court is instructed to provide copies of this opinion to each judicial officer and to each Clerk of Court's Office for the Western District of North Carolina.

Signed: July 20, 2006

Lacy H. Thornburg
United States District Judge